**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8       IN THE UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  JOE HAND PROMOTIONS, INC.,                     No. C 10-02059 CRB

12          Plaintiff,                             **ORDER GRANTING DEFAULT
                                                   JUDGMENT**
13      v.

14  HUNG VI LU, et al.

15          Defendants.
                                               /
16

17      Now before the Court is Plaintiff Joe Hand Promotions. Inc.'s motion for a default

18  judgment.  Having carefully reviewed the papers submitted by Plaintiff, the Court concludes

19  pursuant to Local Rule 7-1(b) that oral argument is unnecessary.  Plaintiff's motion for

20  default judgment is hereby GRANTED.

21                              **BACKGROUND**

22      Plaintiff purchased the domestic commercial exhibition rights to broadcast the

23  "Ultimate Fighting Championship 98: Rashad Evans v. Lyoto Machida" telecast ("the

24  program") nationwide on Saturday, May 23, 2009.  Cmplt at ¶ 10.  Commercial

25  establishments could receive and broadcast the program only after entering into a

26  sublicensing agreement with Plaintiff.  Id. at ¶ 11.

27      Defendants Hung Vi Lu and Vay Voong are the owners of the After Dark Bar &

28  Lounge in San Leandro, California.  Id. at ¶¶ 7-8.  Plaintiff alleges that Defendants

unlawfully intercepted the program and showed it at their sports bar to an audience of

1 between five and seven patrons who had not paid a cover charge. Id. at ¶ 13; Declaration of

2 Affiant. Plaintiff alleges that Defendants did so willfully and for the purpose of commercial

3 advantage and/or private financial gain. Cmplt at ¶ 14.

4       Plaintiff filed its complaint on May 14, 2010, and Defendants were served with

5 summons and the complaint shortly thereafter. Defendants did not answer the complaint, and

6 so on September 2, 2010 the Court entered default against Defendants. Plaintiff

7 subsequently filed an Application for Default Judgment. As of the date of this Order,

8 Defendants have not answered the complaint, responded to the Application, or otherwise

9 appeared in the case.

10       Plaintiff's complaint includes causes of action for (1) violation of the Federal

11 Communications Act of 1934, 47 U.S.C. § 605, (2) violation of the Cable & Television

12 Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553, (3) conversion, and (4)

13 violation of California Business and Professions Code § 17200. Cmplt at ¶¶ 9-37. Plaintiff's

14 Application seeks damages only for the violation of section 605 and for conversion. App. at

15 5-15.

**ANALYSIS**

**I.     Personal and Subject Matter Jurisdiction**

18       In determining whether to enter a default judgment, a court has "an affirmative duty to

19 look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d

20 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully

21 attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to

22 enter the judgment in the first place."). Because the Defendants are residents of California,

23 the Court may exercise personal jurisdiction. In addition, the Court has subject matter

24 jurisdiction because Plaintiff's claims arise under the Federal Communications Act of 1934,

25 47 U.S.C. § 605.

**II.    Damages**

27       Whether to grant a motion for the entry of a default judgment is within the discretion

28 of the trial court. See Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956). Generally,

United States District Court
For the Northern District of California

2

1    upon an entry of default, the factual allegations of the plaintiff's complaint will be taken as

2    true, except those relating to the amount of damages.  See Derek Andrew, Inc. v. Poof

3    Apparel Corp., 528 F.3d 696, 702 (9th Cir. 2008).

4        **A.    Section 605**

5        The Federal Communications Act, 47 U.S.C. § 605, prohibits commercial

6    establishments from intercepting and broadcasting to its patrons satellite cable programming.

7    See That's Entertainment, Inc. v. J.P.T., Inc., 843 F. Supp. 995, 998 (D. Md. 1993).  The Act

8    allows an aggrieved party to bring a civil action in federal district court and permits that

9    party to elect an award of either statutory or actual damages.  See 47 U.S.C. §

10    605(e)(3)(C)(i).  The statute allows a court to award between $1,000 and $10,000 for each

11    violation of section 605 as it considers just.  See 47 U.S.C. § 605(e)(3)(C)(i)(II).  The court

12    may enhance its award by not more than $100,000 when the violation has been "committed

13    willfully and for purposes of direct or indirect commercial advantage or private financial

14    gain."  47 U.S.C. § 605(e)(3)(C)(ii).

15        Plaintiff's Application urged the Court to impose statutory damages of $10,000 plus

16    "substantial" enhanced damages, arguing that courts in their discretion have imposed

17    enhanced damages of between $5,000 and (quite rarely) $100,000 in comparable piracy

18    cases, and that nominal damages have proven ineffective deterrents.  See App. at 9-14.

19    Plaintiffs subsequently filed a Supplemental Declaration, alerting the Court to a second

20    piracy case against Defendants, J & J Sports Prods., Inc. v. Lu, case no. 10-01872-SI, and

21    asserting that "[i]n view of the fact that the Defendants are multiple offenders," an award of

22    $110,000 under section 650 is now warranted.  See Supp. Riley Decl. at ¶¶ 4-6.

23        First, the Court notes that J & J Sports Prods., Inc. v. Lu, case no. 10-01872-SI, is an

24    ongoing case, in which Defendants have both appeared and contested their liability.  See

25    dckt. no. 12 (Answer, asserting twelve affirmative defenses).  That case is still pending.

26    Thus, the Court cannot conclude, as Plaintiff does, that Defendants are "multiple offenders."

27        Second, "[i]n the absence of unusual or particularly egregious circumstances under

28    which a defendant broadcast the fight," the Court will not award the statutory maximum in

*United States District Court*
*For the Northern District of California*

3

**United States District Court**
For the Northern District of California

1  damages.  See J & J Sports Prods., Inc. v. Cortes, 2009 WL 801554 at *3 (N.D. Cal. Mar. 25,

2  2009) (citing Don King Prods., Inc. v. Maldonado, 1998 WL 879683 (N.D. Cal. 1998).  This

3  case is neither unusual nor egregious.  See App. at 14 ("there are hundreds of these types of

4  cases throughout the nation").

5      This case therefore appears to be similar to several other single violation cases in this

6  district.  In Joe Hand Promotions, Inc. v. Dailey, 2003 WL 1342998 at *3 (N.D. Cal. Mar.

7  13, 2003), in which a pirated program was shown to 50 people at a bar and plaintiff had not

8  established that defendant had used the program to attract customers, this Court awarded

9  plaintiff $2,000 in damages for the violation plus a $5,000 enhancement.  In Joe Hand

10 Promotions, Inc. v. Pete, 1999 WL 638215 at *2 (N.D. Cal. Aug. 17, 1999), in which there

11 were only eight patrons present at the time of the violation, this Court awarded plaintiff

12 $1,000 in damages for the violation plus a $5,000 enhancement.  In Cortes, 2009 WL 801554

13 at *3, in which a pirated program was shown to 25 patrons, this Court awarded plaintiff

14 $2,000 in damages for the violation plus a $6,000 enhancement.  In Joe Hand Productions,

15 Inc. v. Ho, 2009 WL 3047231 at *1-2 (N.D. Cal. Sept. 18, 2009), in which there were 17

16 patrons present at the time of the violation, this Court awarded plaintiff $1,000 in damages

17 for the violation and noted that "[c]ourts in this district[] have found an enhancement award

18 of $5,000 proper where there was a modest number of patrons and a cover charge was

19 imposed."  Though no cover charge was imposed in that case, this Court awarded enhanced

20 damages of $5,000.

21     Accordingly, and in light of the mere five to seven patrons present at the time of the

22 violation and the lack of a cover charge, the Court awards Plaintiff $1,000 in damages for the

23 violation plus enhanced damages of $6,000.

24     **B.    Conversion**

25     Plaintiff also requests default judgment on its state law claim of conversion.  Under

26 California law, conversion has three elements: (1) ownership of a right to possession of

27 property; (2) wrongful disposition of the property right; and (3) damages.  See G.S.

28 Rasmussen & Assoc., Inc. v. Kalitta Flying Serv., Inc., 958 F.2d 896, 906 (9th Cir. 1992).

4

**United States District Court**
For the Northern District of California

1  Plaintiff's well-pleaded allegations of liability, taken as true in light of Defendants' default,

2  are sufficient to entitle Plaintiff to damages.  See J&J Sports Prod., Inc. v. Ho, 2010 WL

3  3912179 at *2 (N.D. Cal. Oct. 5, 2010).  Plaintiff has thus alleged ownership of the

4  commercial exhibition rights, misappropriation of those rights by Defendants, and damages.

5  Damages for conversion are typically based on the value of the property at the time of

6  conversion.  See Krueger v. Bank of America, 145 Cal. App. 3d 204, 215 (1983).  Plaintiff is

7  therefore entitled to $925 in conversion damages, representing the amount Defendants would

8  have been required to pay had they ordered the program from Plaintiff.  See App. at 14, n.5;

9  Riley Decl. at ¶ 7

10  ### CONCLUSION

11  For the foregoing reasons, Plaintiff's Application for Default Judgment is GRANTED

12  in the total amount of $7,925.  This amount consists of $1,000 in statutory damages and

13  $6,000 in enhanced damages for the section 605 claim, and $925 for conversion.

14  **IT IS SO ORDERED.**

15

16

17  Dated: October 18, 2010            CHARLES  R. BREYER
                                       UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28

G:\CRBALL\2010\2059\order granting default.wpd            5